**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br> v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>    Defendant. | Civil Action No. 6:20-cv-00783-ADA |

**DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S
MOTION TO DISMISS COMPLAINT FOR FAILURE TO
<u>STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | STATEMENT OF FACTS | | 2 |
| III. | LEGAL STANDARDS | | 3 |
| IV. | ARGUMENT | | 6 |
| | A. | WSOU Fails to State a Claim for Direct Infringement | 7 |
| | | 1. Claim 1 is a Means-Plus-Function Claim | 7 |
| | | 2. The Complaint Identifies No Structure in the Specification or the Accused Products Corresponding to "processing module" | 8 |
| | B. | WSOU Fails to State a Claim for Induced or Contributory Infringement | 8 |
| | | 1. WSOU's Indirect Infringement Claims Fail without Direct Infringement | 9 |
| | | 2. WSOU Fails to Allege the Requisite Knowledge for Indirect Infringement | 9 |
| | | 3. WSOU fails to Allege the Requisite Specific Intent for Induced Infringement | 11 |
| V. | CONCLUSION | | 12 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
  620 F. App'x 934 (Fed. Cir. 2015) .................................................................................5, 12

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
  No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .........................5, 6, 11, 12

*Aguirre v. Powerchute Sports, LLC*,
  No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ...............................9

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
  757 F. App'x 1012 (Fed. Cir. 2019) ........................................................................................8

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, LP.*,
  304 F. Supp. 3d 587 (S.D. Tex. 2018) ....................................................................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................2, 3, 4

*Bowlby v. City of Aberdeen, Miss.*,
  681 F.3d 215 (5th Cir. 2012) ....................................................................................................4

*Castlemorton Wireless, LLC v. Bose Corp.*,
  6:20-cv-00029-ADA, Dkt. 51 (July 22, 2020) ..................................................................9, 10

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
  859 F.3d 1352 (Fed. Cir. 2017) ..............................................................................................11

*Cochlear Bone Anchored Sols. AB v. Oticon Med. AB*,
  958 F.3d 1348 (Fed. Cir. 2020) ................................................................................................8

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015) ..........................................................................................................5, 9

*De La Vega v. Microsoft Corp.*,
  2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) .......................................................................4

*Diem LLC v. BigCommerce, Inc.*,
  No. 6:17-cv-186-JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11,
  2017) .......................................................................................................................................4

*DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
  No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018) ........................................5

*DSU Med. Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006)..................................................................................................11

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004)....................................................................................................9

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
   909 F.3d 398 (Fed. Cir. 2018)......................................................................................................5

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)......................................................................................................................6

*Harris Corp. v. Ericsson Inc.*,
   417 F.3d 1241 (Fed. Cir. 2005)....................................................................................................8

*Hishon v. King & Spalding*,
   467 U.S. 69 (1984)........................................................................................................................4

*Intell. Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017)....................................................................................................5

*In re Katz Interactive Call Processing Pat. Litig.*,
   639 F.3d 1303 (Fed. Cir. 2011)....................................................................................................7

*Mass. Inst. of Tech. & Elecs. for Imaging, Inc. v. Abacus Software*,
   462 F.3d 1344 (Fed. Cir. 2006)....................................................................................................7

*Neitzke v. Williams*,
   490 U.S. 319 (1989)......................................................................................................................4

*Noah Sys., Inc. v. Intuit Inc.*,
   675 F.3d 1302 (Fed. Cir. 2012)....................................................................................................6

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019).............................11

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-cv-432 ........................................................................................................................10

*TeleSign Corp. v. Twilio, Inc.*,
   No. 16-cv-2106-PSG, 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016).........................................4

*VStream Techs., LLC v. PLR IP Holdings, LLC*,
   No. 6:15-cv-974-JRG-JDL, Dkt. 153, Ord. (E.D. Tex. Aug. 24, 2016) ...................................4

*Williamson v. Citrix Online, LLC*,
   792 F.3d 1339 (Fed. Cir. 2015).................................................................................................1, 7

*WSOU Investments, LLC, d/b/a Brazos Licensing and Development, v. Hewlett Packard Enterprise Co.*,
  Case No. 6:20-cv-00783 (W.D. Tex. 2020).................................................................................2

*WSOU Investments, LLC, d/b/a Brazos Licensing and Development, v. Hewlett Packard Enterprise Co.*,
  Case Nos. 6:20-cv-00725, 6:20-cv-00726, 6:20-cv-00727, 6:20-cv-00728,
  6:20-cv-00729, and 6:20-cv-00730 (W.D. Tex. 2020)............................................................2

**I.     INTRODUCTION**

Plaintiff WSOU Investments, LLC's, d/b/a Brazos Licensing and Development, ("WSOU") complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 12(b)(6), and should therefore be dismissed.

To state a claim for patent infringement, a complaint must plead sufficient facts to plausibly suggest that an accused product meets each limitation of at least one asserted claim. Doing so requires more than merely parroting the claim language and making a conclusory statement that the accused product satisfies it; such assertions must instead be supported by plausible factual allegations that show *how* the accused product purportedly infringes. This requires a limitation-by-limitation analysis of each element of a claim listed in a complaint. Claim limitations written in means-plus-function format require that the Accused Products include both (1) the claimed function *and* (2) its corresponding structure from the specification. A "nonce" word like "module" is a signal that a claim limitation is written in means-plus-function format. *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1350 (Fed. Cir. 2015). A complaint asserting a means-plus-function claim must plead facts sufficient to support the inference that an accused product meets the requirements of the claimed function and its corresponding structure.

WSOU's complaint fails to plausibly allege that all elements of claim 1 of U.S. Patent No. 9,398,629 (a means-plus-function claim) are satisfied. Indeed, the complaint does not even take the first step toward that goal, because it fails even to attempt to identify the corresponding structure for the "processing module" limitation, much less to find that structure in an accused product. The conclusory assertion that a means-plus-function claim is infringed, without any attempt to show that the corresponding structure is found in the Accused Products or even any acknowledgment of what the corresponding structure may be, falls far short of the pleading

requirements set in *Iqbal* and *Twombly*. The failure to adequately plead direct infringement by others also dooms WSOU's claims for indirect infringement. WSOU's indirect infringement claim fails for the additional reason that it does not allege HPE had pre-suit knowledge of the Asserted Patent, nor does it plead the requisite specific intent for inducement. Accordingly, Defendant Hewlett Packard Enterprise Company ("HPE") respectfully requests that the Court dismiss this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.   STATEMENT OF FACTS

On August 12, 2020, WSOU filed six lawsuits against HPE in this District, each of which accuses HPE of infringing a single patent. *See WSOU Investments, LLC, d/b/a Brazos Licensing and Development, v. Hewlett Packard Enterprise Co.*, Case Nos. 6:20-cv-00725, 6:20-cv-00726, 6:20-cv-00727, 6:20-cv-00728, 6:20-cv-00729, and 6:20-cv-00730 (W.D. Tex. 2020). WSOU filed the present lawsuit two weeks later on August 26, 2020. *WSOU Investments, LLC, d/b/a Brazos Licensing and Development, v. Hewlett Packard Enterprise Co.*, Case No. 6:20-cv-00783 (W.D. Tex. 2020). WSOU has filed over 100 similar suits in this district since March of this year.

In the present suit (6:20-cv-00783-ADA), WSOU alleges infringement of U.S. Patent No. 9,398,629 (the "'629 patent" or the "Asserted Patent"). *See* Dkt. 1 at ¶¶ 24–44. Specifically, WSOU alleges that HPE directly or indirectly infringes the Asserted Patent because it "makes, uses, sells, offers for sale, imports, and/or distributes" products including the "Aruba 7000 and 7200 Series Mobility Controllers" which it refers to as the "Accused Products." Claim 1, the only claim asserted in the complaint, is an apparatus claim directed to a type of network controller. '629 patent, cl. 1. As detailed below, although the claim does not use the word "means," it is governed by the means-plus-function rule because it recites a non-structural,

generic component—"a processing module"—which is "operable to" perform associated functions:

> 1. A wireless local area network (WLAN) controller in a mobility domain, comprising:
>
> at least one memory; and
>
> **a processing module operable to:**
>
> > determine an address of at least one seed WLAN controller in the mobility domain;
> >
> > register with the at least one seed WLAN controller in the mobility domain by:
> >
> > > transmitting a register request including a layer 3 address of the WLAN controller to the at least one seed WLAN controller with a mobility domain identifier of the mobility domain; and
> > >
> > > receiving a register acknowledgement from the at least one seed WLAN controller when the mobility domain identifier matches a mobility domain identifier of the at least one seed WLAN controller; and
> >
> > receive information for other WLAN controllers in the mobility domain from the at least one seed WLAN controller.

'629 patent, claim 1 (emphasis added).

WSOU's complaint does not attempt to identify any structure in the specification of the '629 patent that might correspond to the processing module recited in this claim. The complaint similarly fails to identify any structure in the Accused Products that could correspond to any "processing module" covered by this claim.

### III.    LEGAL STANDARDS

A complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6) when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)

(alteration in original) ("*Twombly*"). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012). A complaint that alleges facts merely consistent with liability "stops short of the line between possibility and plausibility" and should be dismissed. *Twombly*, 550 U.S. at 546.

A complaint is "insufficient if it offers only 'labels and conclusions,' or a 'formulaic recitation of the elements of a cause of action.'" *Bowlby*, 681 F.3d at 219 (quoting *Twombly*, 550 U.S. at 555). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Accordingly, if well-pleaded facts still do not state a cognizable theory as a matter of law, dismissal pursuant to Rule 12(b)(6) is warranted.

In a patent suit, a complaint must plead facts that describe *how* the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020). Thus, the complaint must "provid[e] facts sufficient to create a plausible inference that each element of the claim [of the patent] is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-cv-186-JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017) (emphasis added); *see also TeleSign Corp. v. Twilio, Inc.*, No. 16-cv-2106-PSG, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) ("[I]n the post-Form 18 world, a plaintiff must include allegations sufficient to permit the court to infer that the accused product infringes each element of at least one claim") (internal quotations omitted) (alteration omitted). It is not enough to merely identify the accused products and state that they infringe the asserted claim; rather, the "key to patent infringement is … identifying how those products allegedly infringe the Asserted Patent claims." *VStream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-

cv-974-JRG-JDL, Dkt. 153, Ord. at 7 (E.D. Tex. Aug. 24, 2016) (emphasis added); *see also DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *2 (D. Del. Dec. 19, 2018) (citation omitted) ("[T]o state a claim of direct infringement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim(s).").

Under pre-America Invents Act 35 U.S.C. § 112, paragraph 6, a claim element "may be expressed as a means or step for performing a specified function" without reciting a corresponding structure. 35 U.S.C. § 112 (2006). In such cases, the claim is construed "to cover the corresponding structure, material, or acts described in the specification and equivalents thereof." *Id.*; *see also* 35 U.S.C. § 112(f) (2018) (current version of statute, with identical language). Thus, the corresponding structure is effectively a part of the claim limitation. A complaint asserting a means-plus-function claim therefore requires (1) identification of the relevant structure in the specification, and (2) plausible allegations that the product embodies the structure or an equivalent.

To plead indirect infringement, the complaint must first plead direct infringement. *See Intell. Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1331 (Fed. Cir. 2017) ("[A] finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same). For both induced and contributory infringement, a plaintiff must also plead facts to support an inference of a defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, a plaintiff must also plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7–*8. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

## IV.  ARGUMENT

WSOU's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it fails to plausibly plead each and every element of its infringement claim. WSOU's complaint states that "each and every element of at least Claim 1 of the '629 patent" is satisfied, Dkt. 1, ¶ 44. But the complaint critically fails to adequately state facts that, if true, would show that the Accused Products satisfy the structural aspects of the "processing module" limitation.

A means-plus-function claim term does not cover all ways of performing the function, but necessitates reference back to the specification to identify the corresponding structure. *See* 35 U.S.C. § 112(6). The scope of a means-plus-function limitation therefore cannot be determined from the claim text alone; rather, that inquiry requires identifying a structure in the specification that implements the claimed function. *Noah Sys., Inc. v. Intuit Inc.*, 675 F.3d 1302, 1311 (Fed. Cir. 2012). That structure and its equivalents are part of the claim itself, and a product can only infringe the claim if it possesses that structure or its equivalent. *Id*. Therefore, to plausibly allege infringement of claim 1, WSOU must at least identify a structure in the specification that it alleges corresponds to the function of claim 1 and must allege that some structure in the Accused Products is the identified structure or its equivalent. WSOU has failed to do so. The complaint

6

therefore fails to support its conclusory assertion of direct infringement with plausible factual allegations, and this failure wipes out WSOU's claims for indirect infringement as well because direct infringement is a necessary predicate to prove active inducement of infringement and contributory infringement. WSOU's indirect infringement claims cannot survive for multiple other reasons as well.

      **A.**      **WSOU Fails to State a Claim for Direct Infringement**

            **1.**      **Claim 1 is a Means-Plus-Function Claim**

As a threshold matter, claim 1 is a means-plus-function claim. When a claim recites the word "means," it "creates a rebuttable presumption that § 112, para. 6 applies" and that the claim is therefore written in means-plus-function format. *Williamson*, 792 F.3d at 1348. Although the opposite is also true—i.e., "the failure to use the word 'means' [] creates a rebuttable presumption [] that § 112, para. 6 does not apply," "the presumption can be overcome and § 112, para. 6 will apply if the challenger demonstrates that the claim term fails to 'recite[] sufficiently definite structure' or else recites 'function without reciting sufficient structure for performing that function.'" *Id* at 1348–49. (internal citation omitted). The essential inquiry is "whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure." *Id*. at 1349.

In this case, the body of claim 1 recites a "processing module operable to" perform a set of five functional steps. This claim term is thus written in a format "consistent with traditional means-plus-function claim terms." *Williamson*, 792 F.3d at 1350. Although claim 1 does not use the term "means," "'[m]odule' is a well-known nonce word that can operate as a substitute for 'means' in the context of § 112, para. 6." *Id*. Such generic terms "typically do not connote sufficiently definite structure" and thus "may invoke § 112, para. 6." *Id*.; *Mass. Inst. of Tech. & Elecs. for Imaging, Inc. v. Abacus Software*, 462 F.3d 1344, 1354 (Fed. Cir. 2006). And courts

have routinely held that claim limitations reciting the term "processing means" or the like are means-plus-function limitations. *See In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303, 1315 (Fed. Cir. 2011) ("processing means" held to be means-plus-function term); *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241 (Fed. Cir. 2005) (same); *Cochlear Bone Anchored Sols. AB v. Oticon Med. AB*, 958 F.3d 1348, 1359-60 (Fed. Cir. 2020) ("signal processing means" held to be means-plus-function term); *Auto-Dril, Inc. v. Nat'l Oilwell Varco, LP.*, 304 F. Supp. 3d 587, 617 (S.D. Tex. 2018), as amended (Apr. 20, 2018), aff'd sub nom. *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, 757 F. App'x 1012 (Fed. Cir. 2019) ("computer data and program processing means" held to be means-plus-function term). As "module" is a substitute for "means," the term "processing module" is similarly a means-plus-function term.

### 2. The Complaint Identifies No Structure in the Specification or the Accused Products Corresponding to "processing module"

The complaint fails to identify a structure corresponding to the "module" recited in the claim. In fact, it engages in no analysis of the specification of the '629 patent at all—the complaint is devoid of any *mention* of the specification. The failure to identify such a structure is fatal to WSOU's complaint, as the corresponding structure (to the extent one exists) or its equivalent must be present in the Accused Products to satisfy the claim. Having failed to identify such a structure, the complaint also cannot plausibly allege that any of the Accused Products embodies such a structure or its equivalents. For both of these reasons, the complaint fails to plausibly state a claim for infringement.

### B. WSOU Fails to State a Claim for Induced or Contributory Infringement

WSOU's indirect infringement claims are deficient and should be dismissed. As an initial matter, WSOU's failure to plausibly allege direct infringement precludes its claims of induced and contributory infringement. Furthermore, WSOU identifies no third party that allegedly

directly infringes, as required in a claim for contributory or induced infringement. Beyond those shortcomings, WSOU has failed to plead any knowledge by HPE of the '629 patent, or knowledge by HPE of alleged infringement, prior to the filing of this action. WSOU also fails to plead a specific intent to induce infringement. Each of these failures independently warrants dismissal of WSOU's indirect infringement allegations.

### 1. WSOU's Indirect Infringement Claims Fail without Direct Infringement

WSOU's indirect infringement allegations are insufficient as a matter of law as WSOU fails to plausibly allege direct infringement by HPE given the failings of its means-plus-function allegations, *see supra* § IV.A, much less direct infringement by a third-party. Its complaint names no such specific third-party, Dkt. 1 at ¶¶ 47–48, and, regardless, the same failings of its means-plus-function allegations would apply to the third-party too. It is axiomatic that indirect infringement requires direct infringement by another as a predicate. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement … ."). As a result, WSOU has also failed to adequately plead its claims of induced and contributory infringement and these claims should be dismissed.

### 2. WSOU Fails to Allege the Requisite Knowledge for Indirect Infringement

WSOU's indirect infringement allegations fail because they do not plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926. As courts in this District have held, the knowledge requirement for indirect infringement require pre-suit knowledge. *See Castlemorton Wireless, LLC v. Bose Corp.*, 6:20-cv-00029-ADA, Dkt. 51 at 11 (July 22, 2020) (Order attached as Exhibit 2); *see also Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June

9

17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").

Despite this clear requirement, WSOU's sole allegation of knowledge of the patent is a conclusory statement that "HPE has received notice and actual or constructive knowledge of the '629 Patent *since at least the date of service of this Complaint*." Dkt. 1 at ¶ 46 (emphasis added).[1] This Court has rejected materially identical allegations of knowledge. For example, in *Parus*, this Court dismissed indirect infringement claims where plaintiff's only allegation of knowledge of the patent was that "Defendant Apple has had knowledge of the '431 Patent *since at least the filing of the original complaint*." *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, at Dkt. 28 (Amended Compl.), ¶ 44 (emphasis added) (attached as Exhibit 3); *see id.* at Feb. 20, 2020 Text Order GRANTING Dkt. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims) (Order attached as Exhibit 1). Like the allegations in *Parus*, WSOU fails to allege pre-suit knowledge and thus fails to state a claim for indirect infringement. *See id.*; *see also* Ex. 2, *Castlemorton Wireless, LLC v. Bose Corp.*, 6:20-cv-00029-ADA, Dkt. 51 at 11 (July 22, 2020) ("Because Castlemorton's complaint does not plead any facts that would support an allegation of pre-suit knowledge, the Court GRANTS Bose's motion to dismiss Castlemorton's indirect infringement claims."). WSOU's induced and contributory infringement claims should be dismissed for this additional, independent reason.

---

[1] WSOU's allegation of knowledge of infringement is likewise deficient, as WSOU alleges such knowledge only "[s]ince at least the date of service of this Complaint." Dkt. 1 at ¶ 47; *see, e.g.*, Exhibit 1, *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order Granting Dkt. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where the only allegations of knowledge of infringement were that "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement of the claims of the '431 Patent."); *id.*, Dkt. 28 at ¶ 44 (Amended Compl.) (attached as Exhibit 3).

### 3. WSOU fails to Allege the Requisite Specific Intent for Induced Infringement

WSOU also fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, *directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities*.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (emphasis added)). WSOU's allegations of specific intent amount to a single conclusory statement that HPE "actively induced" others to infringe through their advertising, product descriptions, operating manuals and other instructions, and six website citations. *See* Dkt. 1, ¶ 47. But, critically, the complaint alleges no facts that suggest any connection between HPE *encouraging its customers to generally use the Accused Products* and their direct infringement, much less an intent to have HPE's customers directly infringe. In order to plausibly plead induced infringement, the law requires a showing that HPE induced someone to perform *all of the steps that constitute infringement*. *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017) ("The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven."); *see also Affinity Labs*, 2014 WL 2892285, at *7 (dismissing induced infringement claims where "Plaintiff does not specify how the marketing and selling activities of Toyota actually induced third-parties to infringe the Asserted Patents. The complaint generally alleges that Toyota induced its customers to purchase its vehicles, but fails to allege how Toyota induced its customers to use the vehicles in a manner that would violate the Asserted Patents.").

WSOU's conclusory allegations fail to present facts that demonstrate: (1) HPE knew that the alleged acts would infringe, and (2) HPE knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *8 (finding "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient.").

WSOU's inducement claim should be dismissed because the complaint is entirely silent on a key requirement of induced infringement.

## V.   CONCLUSION

WSOU has failed to assert plausible allegations of infringement against HPE. Accordingly, HPE respectfully requests that the Court dismiss the complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Date: October 23, 2020                                   Respectfully submitted,

                                                         By: */s/ Barry K. Shelton*

                                                         Barry K. Shelton
                                                         Texas State Bar No. 24055029
                                                         SHELTON COBURN LLP
                                                         311 RR 620, Suite 205
                                                         Austin, TX 78734-4775
                                                         Telephone: (512) 263-2165
                                                         Facsimile: (512) 263-2166
                                                         bshelton@sheltoncoburn.com

                                                         **ATTORNEYS FOR DEFENDANT
                                                         HEWLETT PACKARD ENTERPRISE
                                                         COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system pursuant to Local Rule CV-5(b)(1).

                                                         /s/ *Barry K. Shelton*
                                                         Barry K. Shelton