## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>                    Plaintiff,<br><br>      v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>                    Defendant. | Civil Action No. 6:20-cv-00783-ADA |

## DEFENDANT HEWLETT PACKARD ENTERPRISE COMPANY'S
## MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO
## <u>STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>

## <u>TABLE OF CONTENTS</u>

**Page**

I.  INTRODUCTION .................................................................................................. 1

II.  STATEMENT OF FACTS .................................................................................... 2

III.  LEGAL STANDARDS ......................................................................................... 5

IV.  ARGUMENT ........................................................................................................ 7

    A.  WSOU Fails to State a Claim for Direct Infringement ............................ 8

        1.  Claim 1 is a Means-Plus-Function Claim .................................... 8

        2.  The FAC Identifies No Structure in the Specification or the
            Accused Products Corresponding to "processing module" ...................... 10

    B.  WSOU Fails to State a Claim for Induced or Contributory Infringement ........... 10

        1.  WSOU's Indirect Infringement Claims Fail without Direct
            Infringement ................................................................................... 10

        2.  WSOU Fails to Allege the Requisite Knowledge for Indirect
            Infringement ................................................................................... 11

        3.  WSOU fails to Allege the Requisite Specific Intent for Induced
            Infringement ................................................................................... 14

V.  CONCLUSION ................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ...................................................................7, 15

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ..................7, 15

*Aguirre v. Powerchute Sports, LLC*,
No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ......................11, 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...........................................................................................2, 12

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
304 F. Supp. 3d 587 (S.D. Tex. 2018) ....................................................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................2, 5, 12

*Bowlby v. City of Aberdeen, Miss.*,
681 F.3d 215 (5th Cir. 2012) ...................................................................................5

*Castlemorton Wireless, LLC v. Bose Corp.*,
6:20-cv-00029-ADA, Dkt. 51 (July 22, 2020)...........................................11, 12, 13

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
859 F.3d 1352 (Fed. Cir. 2017)..............................................................................15

*Cochlear Bone Anchored Sols. AB v. Oticon Med. AB*,
958 F.3d 1348 (Fed. Cir. 2020)................................................................................9

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015)..................................................................................7, 11

*De La Vega v. Microsoft Corp.*,
2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)........................................................6

*Diem LLC v. BigCommerce, Inc.*,
No. 6:17-cv-186-JRG-JDL, 2017 WL 9935521 (E.D. Tex. May 11, 2017)............6

*DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018)........................6

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
    363 F.3d 1263 (Fed. Cir. 2004)...................................................................................11

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
    909 F.3d 398 (Fed. Cir. 2018)......................................................................................7

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
    No. 7:19-CV-00026-DC, 2019 WL 3818049 (W.D. Tex. June 13, 2019) ............................13

*Frac Shack Inc. v. AFD Petroleum (Texas) Ltd.*,
    No. 7:19-cv-00026, 2019 WL 3818048 (W.D. Tex. June 13, 2019) ......................................13

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011).....................................................................................................7

*Harris Corp. v. Ericsson Inc.*,
    417 F.3d 1241 (Fed. Cir. 2005)....................................................................................9

*Intell. Ventures I LLC v. Motorola Mobility LLC*,
    870 F.3d 1320 (Fed. Cir. 2017)....................................................................................7

*In re Katz Interactive Call Processing Pat. Litig.*,
    639 F.3d 1303 (Fed. Cir. 2011)....................................................................................9

*Masimo Corp. v. Sotera Wireless*,
    No. 19-cv-01100-BAS-NLS, 2020 WL 2306587 (S.D. Cal. May 8, 2020) ............................14

*Mass. Inst. of Tech. & Elecs. for Imaging, Inc. v. Abacus Software*,
    462 F.3d 1344 (Fed. Cir. 2006)....................................................................................9

*Meetrix IP, LLC v. Cisco Systems, Inc.*,
    No. 1-18-cv-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ...................................13

*Neitzke v. Williams*,
    490 U.S. 319 (1989).....................................................................................................5

*Noah Sys., Inc. v. Intuit Inc.*,
    675 F.3d 1302 (Fed. Cir. 2012)....................................................................................8

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)................................14

*Parus Holdings Inc. v. Apple Inc.*,
    No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020).................................................................12, 13

*Radiation Stabilization Solutions, Inc. v. Varian Med. Sys., Inc.*,
    No. 11-cv-07701, Mem. Op. & Order, Dkt. 94 (N.D. Ill. Aug. 28, 2012)...............................14

*Steve Madden, Ltd. v. Yves Saint Laurent*,
　　No. 18-cv-7592 (VEC), 2019 WL 2023766 (S.D.N.Y. May 8, 2019) ...................................12

*TeleSign Corp. v. Twilio, Inc.*,
　　No. 16-cv-2106-PSG, 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016)..........................................6

*Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.*,
　　350 F. Supp. 3d 143 (E.D.N.Y. 2018) ...................................................................................14

*VStream Techs., LLC v. PLR IP Holdings, LLC*,
　　No. 6:15-cv-974-JRG-JDL, Dkt. 153 (E.D. Tex. Aug. 24, 2016) ...........................................6

*Williamson v. Citrix Online, LLC*,
　　792 F.3d 1339 (Fed. Cir. 2015).....................................................................................1, 8, 9

**Statutes**

35 U.S.C. § 112 (2006) ..............................................................................................................6

35 U.S.C. § 112(6) .....................................................................................................................8

35 U.S.C. § 112(f) (2018) ..........................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)......................................................................................... *passim*

Fed. R. Civ. P. 84 ....................................................................................................................12

## I.   INTRODUCTION

Plaintiff WSOU Investments, LLC's ("WSOU's") first amended complaint ("FAC" or "complaint") fails to meet the pleading requirements of Federal Rule of Civil Procedure 12(b)(6), and should therefore be dismissed. None of the minor changes introduced in WSOU's FAC resolve the basic deficiencies present in its original complaint. Defendant Hewlett Packard Enterprise Company ("HPE") accordingly renews its motion to dismiss. *See* Dkt. 18.

To state a claim for patent infringement, a complaint must plead sufficient facts to plausibly suggest that an accused product meets each limitation of at least one asserted claim. Doing so requires more than merely parroting the claim language and making a conclusory statement that the accused product satisfies it; such assertions must instead be supported by plausible factual allegations that show *how* the accused product purportedly infringes. This requires a limitation-by-limitation analysis of each element of a claim listed in a complaint. Claim limitations written in means-plus-function format require that the Accused Products include both (1) the claimed function *and* (2) its corresponding structure from the specification. A "nonce" word like "module" is a signal that a claim limitation is written in means-plus-function format. *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1350 (Fed. Cir. 2015). A complaint asserting a means-plus-function claim must plead facts sufficient to support the inference that an accused product meets the requirements of the claimed function and its corresponding structure.

The FAC fails to plausibly allege that all elements of claim 1 of U.S. Patent No. 9,398,629 (a means-plus-function claim) are satisfied. Indeed, the complaint does not even take the first step toward that goal, because it fails even to attempt to identify the corresponding structure for the "processing module" limitation, much less to find that structure in an accused product. The conclusory assertion that a means-plus-function claim is infringed, without any

attempt to show that the corresponding structure is found in the Accused Products or even any acknowledgment of what the corresponding structure may be, falls far short of the pleading requirements set in *Iqbal* and *Twombly*. And despite HPE putting WSOU on notice of these deficiencies in its original complaint (*see* Dkt. 18, Motion to Dismiss), the FAC makes no serious attempt to cure these deficiencies.

The failure to adequately plead direct infringement by others also dooms WSOU's claims for indirect infringement. WSOU's indirect infringement claim fails for the additional reason that it does not allege HPE had pre-suit knowledge of the Asserted Patent, nor does it plead the requisite specific intent for inducement. Accordingly, HPE respectfully requests that the Court dismiss this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.   STATEMENT OF FACTS

On August 12, 2020, WSOU filed six lawsuits against HPE in this District, each of which accuses HPE of infringing a single patent. *See WSOU Investments, LLC, d/b/a Brazos Licensing and Development, v. Hewlett Packard Enterprise Co.*, Case Nos. 6:20-cv-00725, 6:20-cv-00726, 6:20-cv-00727, 6:20-cv-00728, 6:20-cv-00729, and 6:20-cv-00730 (W.D. Tex. 2020). WSOU filed the present lawsuit two weeks later on August 26, 2020. *WSOU Investments, LLC, d/b/a Brazos Licensing and Development, v. Hewlett Packard Enterprise Co.*, Case No. 6:20-cv-00783 (W.D. Tex. 2020). WSOU has filed over 100 similar suits in this district since March of this year.

In the present suit (6:20-cv-00783-ADA), WSOU alleges infringement of U.S. Patent No. 9,398,629 (the "'629 patent" or the "Asserted Patent"). *See* Dkt. 22 at ¶¶ 19–48. Specifically, WSOU alleges that HPE directly or indirectly infringes the Asserted Patent because it "makes, uses, sells, offers for sale, imports, and/or distributes" products including the "Aruba 7000 and

7200 Series Mobility Controllers" which it refers to as the "Accused Products." Claim 1, the only claim asserted in the complaint,[1] is an apparatus claim directed to a type of network controller. '629 patent, cl. 1. As detailed below, although the claim does not use the word "means," it is governed by the means-plus-function rule because it recites a non-structural, generic component—"a processing module"—which is "operable to" perform associated functions:

> 1. A wireless local area network (WLAN) controller in a mobility domain, comprising:
>
> at least one memory; and
>
> **a processing module operable to:**
>
>> determine an address of at least one seed WLAN controller in the mobility domain;
>>
>> register with the at least one seed WLAN controller in the mobility domain by:
>>
>>> transmitting a register request including a layer 3 address of the WLAN controller to the at least one seed WLAN controller with a mobility domain identifier of the mobility domain; and
>>>
>>> receiving a register acknowledgement from the at least one seed WLAN controller when the mobility domain identifier matches a mobility domain identifier of the at least one seed WLAN controller; and
>>
>> receive information for other WLAN controllers in the mobility domain from the at least one seed WLAN controller.

'629 patent, claim 1 (emphasis added).

---

[1] HPE is aware that WSOU served infringement contentions on November 6, 2020 which assert additional claims. However, those contentions are not part of the FAC, nor are they incorporated by reference. Therefore, they are not for consideration in a Rule 12(b)(6) motion.

HPE moved to dismiss WSOU's original complaint on several grounds including (1) failure to identify any structure in the specification of the '629 patent that might correspond to the processing module, (2) failure to identify any structure in the Accused Products that could correspond to any "processing module," (3) failure to identify any direct third party infringer in support of its indirect infringement and induced infringement allegations, (4) failure to allege HPE's pre-suit knowledge of the '629 patent in support of those claims, and (5) failure to allege any facts supporting HPE's specific intent to infringe the '629 patent in support of those claims. Dkt. 18.

In response to HPE's motion, WSOU submitted an amended, but largely identical, complaint (the FAC). Dkt. 22. The only substantial difference between the FAC and the original complaint is the addition of paragraphs 52 and 53 of the FAC, which make conclusory allegations of HPE's knowledge of the patent and infringement and generic allegations of inducing conduct by HPE:

> HPE was and is aware that the Accused Products contain each element of at least claim 1 of the '629 Patent, and that the normal and customary use by end users of the Accused Products infringes the '629 Patent. Upon information and belief, HPE's customers and end-users have directly infringed, and continue to directly infringe, at least by purchasing and using, selling, and/or offering for sale one or more Accused Products in the United States. […] HPE has made, sold and/or offered for sale the Accused Products, and is continuing to do so, with the specific intent to actively encourage customers and/or end-users to purchase and use, sell, and/or offer to sell one or more Accused Products in a manner that HPE knows to be infringing.

> … On information and belief, HPE directs, controls, and/or encourages customers' and/or end-users' to purchase and use and/or sell the Accused Products by taking active steps that include, but are not limited to: making, using, configuring, and selling the Accused Products; instructing end-users to use the Accused Products; creating and disseminating advertising and promotional materials that encourage the use of the Accused Products, including product descriptions, operating manuals,

> configuration guides, support materials, technical materials, and
> other instructions on how to use and/or implement the Accused
> Products; and providing training and certification programs that
> teach about the features of the Accused Products and demonstrate
> how to use and/or implement the Accused Products.

*Id.* at ¶¶ 52–53.[2] On their face, these amendments fail to address the deficiencies outlined

in HPE's previous motion to dismiss.

## III.   LEGAL STANDARDS

A complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6)

when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)

(alteration in original) ("*Twombly*"). The complaint must plead "enough facts to state a claim to

relief that is plausible on its face." *Id.* at 570; *see also Bowlby v. City of Aberdeen, Miss.*, 681

F.3d 215, 219 (5th Cir. 2012). A complaint that alleges facts merely consistent with liability

"stops short of the line between possibility and plausibility" and should be dismissed. *Twombly*,

550 U.S. at 546.

A complaint is "insufficient if it offers only 'labels and conclusions,' or a 'formulaic

recitation of the elements of a cause of action.'" *Bowlby*, 681 F.3d at 219 (quoting *Twombly*, 550

U.S. at 555). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive

issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (citing *Hishon v. King & Spalding*,

467 U.S. 69, 73 (1984)). Accordingly, if well-pleaded facts still do not state a cognizable theory

as a matter of law, dismissal pursuant to Rule 12(b)(6) is warranted.

---

[2] The other, insubstantial changes to the complaint include splitting the original complaint's ¶ 22
into ¶¶ 23–24 and adding ¶ 26 (advising that WSOU will identify additional accused products)
and ¶ 27 (quoting the language of claim 1 alongside a generic allegation that the Accused
Products meet its limitations), as well as dividing the allegations contained in the original
complaint's ¶¶ 45–47 into the FAC's ¶¶ 49–51 and 54–55.

In a patent suit, a complaint must plead facts that describe *how* the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020). Thus, the complaint must "provid[e] facts sufficient to create a plausible inference that each element of the claim [of the patent] is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-cv-186-JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017) (emphasis added); *see also TeleSign Corp. v. Twilio, Inc.*, No. 16-cv-2106-PSG, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) ("[I]n the post-Form 18 world, a plaintiff must include allegations sufficient to permit the court to infer that the accused product infringes each element of at least one claim") (internal quotations omitted) (alteration omitted). It is not enough to merely identify the accused products and state that they infringe the asserted claim; rather, the "key to patent infringement is … identifying how those products allegedly infringe the Asserted Patent claims." *VStream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, Dkt. 153, Ord. at 7 (E.D. Tex. Aug. 24, 2016) (Order attached as Exhibit 1) (emphasis added); *see also DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *2 (D. Del. Dec. 19, 2018) (citation omitted) ("[T]o state a claim of direct infringement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim(s).").

Under pre-America Invents Act 35 U.S.C. § 112, paragraph 6, a claim element "may be expressed as a means or step for performing a specified function" without reciting a corresponding structure. 35 U.S.C. § 112 (2006). In such cases, the claim is construed "to cover the corresponding structure, material, or acts described in the specification and equivalents thereof." *Id.*; *see also* 35 U.S.C. § 112(f) (2018) (current version of statute, with identical

language). Thus, the corresponding structure is effectively a part of the claim limitation. A complaint asserting a means-plus-function claim therefore requires (1) identification of the relevant structure in the specification, and (2) plausible allegations that the product embodies the structure or an equivalent.

To plead indirect infringement, the complaint must first plead direct infringement. *See Intell. Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1331 (Fed. Cir. 2017) ("[A] finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same). For both induced and contributory infringement, a plaintiff must also plead facts to support an inference of a defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, a plaintiff must also plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7–*8. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

## IV.   ARGUMENT

The FAC should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it fails to plausibly plead each and every element of its infringement claim. WSOU's complaint states that "each and every element of at least Claim 1 of the '629 patent" is satisfied, Dkt. 22,

¶ 48. But the complaint critically fails to adequately state facts that, if true, would show that the Accused Products satisfy the structural aspects of the "processing module" limitation.

A means-plus-function claim term does not cover all ways of performing the function, but necessitates reference back to the specification to identify the corresponding structure. *See* 35 U.S.C. § 112(6). The scope of a means-plus-function limitation therefore cannot be determined from the claim text alone; rather, that inquiry requires identifying a structure in the specification that implements the claimed function. *Noah Sys., Inc. v. Intuit Inc.*, 675 F.3d 1302, 1311 (Fed. Cir. 2012). That structure and its equivalents are part of the claim itself, and a product can only infringe the claim if it possesses that structure or its equivalent. *Id*. Therefore, to plausibly allege infringement of claim 1, WSOU must at least identify a structure in the specification that it alleges corresponds to the function of claim 1 and must allege that some structure in the Accused Products is the identified structure or its equivalent. WSOU has failed to do so. The FAC therefore fails to support its conclusory assertion of direct infringement with plausible factual allegations, and this failure defeats WSOU's claims for indirect infringement as well because direct infringement is a necessary predicate to prove active inducement of infringement and contributory infringement. WSOU's indirect infringement claims also cannot survive for multiple other reasons.

### A.       WSOU Fails to State a Claim for Direct Infringement

#### 1.       Claim 1 is a Means-Plus-Function Claim

As a threshold matter, claim 1 is a means-plus-function claim. When a claim recites the word "means," it "creates a rebuttable presumption that § 112, para. 6 applies" and that the claim is therefore written in means-plus-function format. *Williamson*, 792 F.3d at 1348. Although the opposite is also true—i.e., "the failure to use the word 'means' [] creates a rebuttable presumption [] that § 112, para. 6 does not apply," "the presumption can be overcome and § 112,

para. 6 will apply if the challenger demonstrates that the claim term fails to 'recite[] sufficiently definite structure' or else recites 'function without reciting sufficient structure for performing that function.'" *Id* at 1348–49. (internal citation omitted). The essential inquiry is "whether the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure." *Id*. at 1349.

In this case, the body of claim 1 recites a "processing module operable to" perform a set of five functional steps. This claim term is thus written in a format "consistent with traditional means-plus-function claim terms." *Williamson*, 792 F.3d at 1350. Although claim 1 does not use the term "means," "'[m]odule' is a well-known nonce word that can operate as a substitute for 'means' in the context of § 112, para. 6." *Id*. Such generic terms "typically do not connote sufficiently definite structure" and thus "may invoke § 112, para. 6." *Id*.; *Mass. Inst. of Tech. & Elecs. for Imaging, Inc. v. Abacus Software*, 462 F.3d 1344, 1354 (Fed. Cir. 2006). And courts have routinely held that claim limitations reciting the term "processing means" or the like are means-plus-function limitations. *See In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303, 1315 (Fed. Cir. 2011) ("processing means" held to be means-plus-function term); *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241 (Fed. Cir. 2005) (same); *Cochlear Bone Anchored Sols. AB v. Oticon Med. AB*, 958 F.3d 1348, 1359-60 (Fed. Cir. 2020) ("signal processing means" held to be means-plus-function term); *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, 304 F. Supp. 3d 587, 617 (S.D. Tex. 2018), as amended (Apr. 20, 2018), aff'd sub nom. *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, 757 F. App'x 1012 (Fed. Cir. 2019) ("computer data and program processing means" held to be means-plus-function term). As "module" is a substitute for "means," the term "processing module" is similarly a means-plus-function term.

### 2. The FAC Identifies No Structure in the Specification or the Accused Products Corresponding to "processing module"

The FAC fails to identify a structure corresponding to the "module" recited in the claim. In fact, it engages in no analysis of the specification of the '629 patent at all—the FAC is devoid of any *mention* of the specification. The failure to identify such a structure is fatal to WSOU's complaint, as the corresponding structure (to the extent one exists) or its equivalent must be present in the Accused Products to satisfy the claim. Having failed to identify such a structure, the complaint also cannot plausibly allege that any of the Accused Products embodies such a structure or its equivalents. For both of these reasons, the FAC fails to plausibly state a claim for infringement.

### B. WSOU Fails to State a Claim for Induced or Contributory Infringement

Despite its amendments, WSOU's indirect infringement claims remain deficient and should be dismissed. Initially, WSOU's failure to plausibly allege direct infringement precludes its claims of induced and contributory infringement. Furthermore, WSOU identifies no third party that allegedly directly infringes, as required in a claim for contributory or induced infringement. Beyond those shortcomings, WSOU's generic allegations of HPE's specific intent to induce infringement are unconnected to any specific, factual allegations that would make that claim plausible, especially in light of WSOU's allegation of HPE's knowledge of the patents being limited to post-suit knowledge.

### 1. WSOU's Indirect Infringement Claims Fail without Direct Infringement

WSOU's indirect infringement allegations are insufficient as a matter of law as WSOU fails to plausibly allege direct infringement by HPE given the failings of its means-plus-function allegations, *see supra* § IV.A, much less direct infringement by a third-party. The FAC names no such specific third-party, Dkt. 22 at ¶¶ 52–56 (at no point identifying a direct infringer more

specific than "customers, product makers, distributors, retailers, and/or end users of the Accused Products"), and, regardless, the same failings of its means-plus-function allegations would apply to the third-party too. It is axiomatic that indirect infringement requires direct infringement by another as a predicate. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement … ."). As a result, WSOU has also failed to adequately plead its claims of induced and contributory infringement and these claims should be dismissed.

### 2.     WSOU Fails to Allege the Requisite Knowledge for Indirect Infringement

WSOU's indirect infringement allegations fail because they do not plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926. As courts in this District have held, an allegation of *pre-suit* knowledge is required to support a claim of indirect infringement. *See Castlemorton Wireless, LLC v. Bose Corp.*, 6:20-cv-00029-ADA, Dkt. 51 at 11 (July 22, 2020) (Order attached as Exhibit 2); *see also Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").

Despite this clear requirement, WSOU's sole allegation of knowledge of the patent is a conclusory statement that "***As of the date of service of the initial complaint***, September 1, 2020, HPE has had actual or constructive knowledge of the '629 Patent…." Dkt. 22 at ¶ 51 (emphasis added).[3] This Court has rejected materially identical allegations of knowledge. For example, in

---

[3] WSOU's allegation of knowledge of infringement is likewise deficient, as WSOU alleges such knowledge only "[s]ince the date of service of the initial complaint." Dkt. 22 at ¶ 52; *see, e.g.,*

*Parus*, this Court dismissed indirect infringement claims where plaintiff's only allegation of knowledge of the patent was that "Defendant Apple has had knowledge of the '431 Patent ***since at least the filing of the original complaint***." *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, at Dkt. 28 (Amended Compl.), ¶ 44 (emphasis added) (attached as Exhibit 3); *see id.* at Feb. 20, 2020 Text Order GRANTING Dkt. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims) (Order attached as Exhibit 4). Like the allegations in *Parus*, WSOU fails to allege pre-suit knowledge and thus fails to state a claim for indirect infringement. *See id.*; *see also* Ex. 2, *Castlemorton Wireless, LLC v. Bose Corp.*, 6:20-cv-00029-ADA, Dkt. 51 at 11 (July 22, 2020) ("Because Castlemorton's complaint does not plead any facts that would support an allegation of pre-suit knowledge, the Court GRANTS Bose's motion to dismiss Castlemorton's indirect infringement claims.").

The cases WSOU cites in its amended complaint are not to the contrary. *In re Bill of Lading Transmission & Processing Systems Patent Litigation* excused a patentee's sparse pleading because it relied on the more liberal, but now-defunct, Form 18 pleading standard. 681 F.3d 1323, 1334–35 (Fed. Cir. 2012). *Bill of Lading* is obsolete since the Supreme Court abrogated its basis, the former Federal Rule of Civil Procedure 84. *Steve Madden, Ltd. v. Yves Saint Laurent*, No. 18-cv-7592 (VEC), 2019 WL 2023766, at *4 (S.D.N.Y. May 8, 2019) ("cases relying on Rule 84 and the form complaints are no longer good law"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("*Twombly* expounded the pleading standard ***for 'all civil actions*.'"")

---

Ex. 4, *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order Granting Dkt. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where the only allegations of knowledge of infringement were that "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement of the claims of the '431 Patent."); Ex. 3, *id.*, Dkt. 28 (Amended Compl.) at ¶ 44.

(emphasis added). More recently, *Meetrix IP, LLC v. Cisco Systems, Inc.* found that a failure to allege pre-suit knowledge required at least the dismissal of indirect infringement claims as to pre-suit conduct. No. 1-18-cv-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018). WSOU also attempts to rely on the holding in *Frac Shack Inc. v. AFD Petroleum (Texas) Ltd.*, No. 7:19-cv-00026, 2019 WL 3818048, at *2 (W.D. Tex. June 13, 2019) in which this court denied defendant GES's motion to dismiss that "[f]or the same reasons that this Court denied the Motion to Dismiss of the other Defendants in this litigation." An analysis of this Court's reasoning when denying the "Motion to Dismiss of the other Defendants" shows that the holding in *Frac Shack* was highly fact-specific.[4] Extending the holding of *Frac Shack* to the present case would be at odds with this Court's subsequent rulings in *Castlemorton* and *Parus*, as well as earlier precedent from this District in *Meetrix* and *Aguirre*.

WSOU's induced and contributory infringement claims should be dismissed for this additional, independent reason.

---

[4] In *Frac Shack* the "Plaintiff and Defendant AFD Petroleum kn[e]w each other well in terms of patent litigation," and had been engaged for over five years on a patent litigation related to the then asserted patents. *Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-CV-00026-DC, 2019 WL 3818049, at *4 (W.D. Tex. June 13, 2019). Plaintiff also asserted facts demonstrating that "Defendant AFD Petroleum not only made a substantial design change that would shift AFD Petroleum's refueling trailer from the ORS design to the Octofueler design, it also submitted a provisional patent application in August 2016 on that Octofueler design-around." *Id.* Accordingly, this "informed the Court that Defendant had patent counsel engaged in activities that related to the Octofueler and Plaintiffs patents." *Id.* The Court additionally found that there was a reasonable inference that "Defendants were monitoring the progress of the application for the '906 Patent, saw that the Patent Office approved the claims, and decommissioned the ORS in anticipation of the '906 Patent's issuance." *Id.* at *5. The Plaintiff in the matter also sufficiently articulated facts from which a finder of fact could conclude that the knowledge of one of the defendants, AFD Alaska, "was imputed to all the other Defendants through the common ownership and governance of each company." *Id.* at *4. WSOU has pled no facts that would support a finding based on the reasoning this Court followed in *Frac Shack*.

### 3. WSOU fails to Allege the Requisite Specific Intent for Induced Infringement

WSOU also fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, ***directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities***.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at \*2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (emphasis added)). WSOU's allegations of specific intent amount to a single conclusory statement that HPE "actively induced" others to infringe through their advertising, product descriptions, operating manuals and other instructions, and six website citations. *See* Dkt. 22, ¶ 54. But, critically, the FAC alleges no facts that suggest any connection between HPE ***encouraging its customers to generally use the Accused Products*** and their direct infringement, much less an intent to have HPE's customers directly infringe. WSOU's conclusory statement that HPE did these things with "specific intent" adds nothing. Dkt. 22, ¶ 52. *See, e.g.*, *Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.*, 350 F. Supp. 3d 143, 169 (E.D.N.Y. 2018) (plaintiff's "conclusory allegation that the defendant specifically intended to encourage other defendants' infringement" did not allege facts sufficient to support induced infringement claim); *Radiation Stabilization Solutions, Inc. v. Varian Med. Sys., Inc.*, No. 11-cv-07701, Mem. Op. & Order, Dkt. 94 at \*6 (N.D. Ill. Aug. 28, 2012) ("RSS improperly relies solely on the conclusory allegation that each Defendant 'had specific intent' to [indirectly] infringe with no facts, even contextual facts, to support that allegation.") (attached as Exhibit 5); *Masimo Corp. v. Sotera Wireless*, No. 19-cv-01100-BAS-NLS, 2020 WL 2306587, at \*9 (S.D. Cal. May 8, 2020) ("the Complaint's conclusory claim that Foxconn knew and intended the products to be used in

an infringing manner does not state a claim that Foxconn knew Sotera's acts constituted infringement").

In order to plausibly plead induced infringement, the law requires a threshold showing that HPE induced someone to perform ***all of the steps that constitute infringement***. *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017) ("The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven."); *see also Affinity Labs*, 2014 WL 2892285, at *7 (dismissing induced infringement claims where "Plaintiff does not specify how the marketing and selling activities of Toyota actually induced third-parties to infringe the Asserted Patents. The complaint generally alleges that Toyota induced its customers to purchase its vehicles, but fails to allege how Toyota induced its customers to use the vehicles in a manner that would violate the Asserted Patents.").

WSOU's conclusory allegations fail to present facts that demonstrate: (1) HPE knew that the alleged acts would infringe, and (2) HPE knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *8 (finding "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient.").

WSOU's inducement claim should be dismissed because the FAC is entirely silent on a key requirement of induced infringement.

**V.     CONCLUSION**

WSOU has failed to assert plausible allegations of infringement against HPE, even after receiving notice of the deficiencies of its original pleading. Rather than allowing WSOU a third chance to file a proper complaint, HPE respectfully requests that the Court dismiss the FAC ***with prejudice*** pursuant to Fed. R. Civ. P. 12(b)(6).

Date: November 20, 2020

Respectfully submitted,

By: */s/ Barry K. Shelton*
Michael D. Hatcher
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400
mhatcher@sidley.com

Michael R. Franzinger
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
mfranzinger@sidley.com

Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620, Suite 205
Austin, TX 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com

**ATTORNEYS FOR DEFENDANT
HEWLETT PACKARD ENTERPRISE
COMPANY**

17

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system pursuant to Local Rule CV-5(b)(1).

/s/ *Barry K. Shelton*
Barry K. Shelton