UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | Civil Action No. 6:20-cv-00783-ADA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | Public Redacted Copy |
| HEWLETT PACKARD ENTERPRISE COMPANY, | |
| Defendant. | |

**BRAZOS'S OPPOSITION TO HPE'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) (DKT. 54)**

**T<small>ABLE OF</small> C<small>ONTENTS</small>**

I.  Introduction ................................................................................................................1

II.  Background ................................................................................................................2

III.  Legal Standard ..........................................................................................................4

IV.  Brazos May Recover for HPE's Pre-Assignment Infringement .........................5

    A.  The Issue of Past Damages Does Not Implicate Article III Standing......................6

    B.  Alcatel Lucent Assigned Brazos the Right to Sue for Past Infringement
        ██████████████████████████ ....................................................8

    C.  HPE's Arguments to the Contrary Fail Because They Ignore the Relevant
        Document Specifying the Assignment of the Right to Sue for Past
        Infringement to Brazos ...................................................................................11

    D.  The September 8, 2021 ████████████ Obviated Any Doubt as
        to Brazos's Right to Recover for Past Damages ..............................................16

V.  Conclusion ..............................................................................................................17

<u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arachnid, Inc. v. Merit Indus., Inc.*,
   939 F.2d 1574 (Fed. Cir. 1991)..............................................................9, 12, 13, 16

*DDB Techs, LLC v. MLB Advanced Media, LP*,
   517 F.3d 1284 (Fed. Cir. 2008)...........................................................................13

*Dominion Assets LLC v. Masimo Corp.*,
   No. 5:12-cv-02773, 2014 WL 2937058 (N.D. Cal. June 27, 2014)..................11, 13

*Filmtec Corp. v. Allied-Signal Inc.*,
   939 F.2d 1568 (Fed. Cir. 1991)...........................................................................11

*Flast v. Cohen*,
   392 U.S. 83 (1968)................................................................................................7

*Honeywell Int'l Inc. v. Buckeye Partners, L.P.*,
   No. 5:18-cv-00646, 2021 WL 1206536 (N.D.N.Y. Mar. 31, 2021)....................8, 14

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*,
   248 F.3d 1333 (Fed. Cir. 2001)..............................................................................6

*Jefferson St. Holdings Intell. Prop. LLC v. Tech 21 UK Ltd.*,
   No. 5:18-cv-806, 2019 WL 5795667 (W.D. Tex. June 10, 2019) .........................16

*Krausz Indus. Ltd. v. Romac Indus., Inc.*,
   No. 2:10-cv-1204, 2011 WL 3563419 (W.D. Wash. Aug. 15, 2011)....................16

*Lawyers' Fund for Client Prot. of State of N.Y. v. Bank Leumi Tr. Co. of New York*,
   727 N.E.2d 563 (N.Y. 2000).................................................................................8

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014).........................................................................................6, 7

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019).................................................................5, 6, 7, 14

*Minco, Inc. v. Combustion Eng'g, Inc.*,
   95 F.3d 1109 (Fed. Cir. 1996)...............................................................5, 8, 14, 15

*Moore v. Marsh*,
   74 U.S. 515 (1868)................................................................................................9

*Morrow v. Microsoft Corp.*,
   499 F.3d 1332 (Fed. Cir. 2007)..............................................................................6

*Oaxaca v. Roscoe*,
   641 F.2d 386 (5th Cir. 1981) .................................................................................5

*Parallax Grp. Int'l, LLC v. Incstores.com, LLC*,
   No. 8:16-cv-00929, 2017 WL 3017059 (C.D. Cal. Jan. 25, 2017)..........................7

*Pat. Harbor, LLC v. Twentieth Century Home Fox Home Ent.*,
    No. 6:10-cv-607, 2012 WL 12842300 (E.D. Tex. Aug. 17, 2012)..........................................17

*Shukh v. Seagate Tech., LLC*,
    No. 0:10-cv-00404, 2011 WL 1258510 (D. Minn. Mar. 30, 2011) ..........................................13

*Sims v. Mack Trucks, Inc.*,
    407 F. Supp. 742 (E.D. Pa. 1976) .................................................................................12, 13, 16

*Slingshot Printing LLC v. HP Inc.*,
    No. 1:20-cv-00184-ADA, 2020 WL 6120177 (W.D. Tex. July 7, 2020).......................5, 7, 14

*Speedplay, Inc. v. Bebop, Inc.*,
    211 F.3d 1245 (Fed. Cir. 2000).........................................................................................11, 13

*In re Spinnaker Indus., Inc.*,
    313 F. App'x 749 (6th Cir. 2008) ............................................................................................15

*Virnetx, Inc. v. Cisco Sys., Inc.*,
    No. 6:10-cv-00417, 2012 WL 12897214 (E.D. Tex. Mar. 22, 2012) ........................................7

**TABLE OF EXHIBITS**

| Ex.* | Description |
|------|-------------|
| A | *Intentionally Omitted* |
| B | November 30, 2017 Second Amendment to Patent Purchase Agreement (WSOU-HPE-00009843) [FILED UNDER SEAL] |
| C | December 22, 2017 Third Amendment to Patent Purchase Agreement (WSOU-HPE-00010096) [FILED UNDER SEAL] |
| D | March 1, 2019 Fourth Amendment to Patent Purchase Agreement (WSOU-HPE-00010332) [FILED UNDER SEAL] |
| E | *Intentionally Omitted* |
| F | January 1, 2020 Sixth Amendment to Patent Purchase Agreement (WSOU-HPE-00011073) [FILED UNDER SEAL] |
| G | September 8, 2021 Letter Agreement ███████████ (WSOU-HPE-00020137) [FILED UNDER SEAL] |
| H | *Intentionally Omitted* |
| I | *Intentionally Omitted* |
| J | *Intentionally Omitted* |
| K | *Intentionally Omitted* |
| L | *Intentionally Omitted* |
| M | *Intentionally Omitted* |
| N | *Intentionally Omitted* |
| O | *Intentionally Omitted* |
| P | *Intentionally Omitted* |

---

* For ease of reference, the exhibits attached to Brazos's Oppositions filed in Case Nos. 6:20-cv-00726-ADA, -727, -728, and -730 (filed October 21, 2021) and Case Nos. 6:20-cv-00725-ADA, -729, and -783 (filed October 26, 2021) use the same lettering. Because not all of the exhibits are cited in Brazos's Opposition in this case, any exhibits that are not cited are intentionally omitted.

| Q | Transcript of November 23, 2020 Telephonic Scheduling Conference |
|---|---|
| R | *Intentionally Omitted* |
| S | Excerpt from Attachment A to the November 26, 2019 Letter Agreement (WSOU-HPE-000110504) [FILED UNDER SEAL |
| T | *Intentionally Omitted* |
| U | October 1, 2019 Fifth Amendment to Patent Purchase Agreement (WSOU-HPE-00010964) [FILED UNDER SEAL] |
| V | *Intentionally Omitted* |
| W | August 21, 2017 Assignment of Patent Purchase Agreement, Recorded with the USPTO at Reel/Frame 044000/0053 at 0140 (WSOU-HPE-00004518) |
| X | August 2, 2017 Amendment to Patent Purchase Agreement (WSOU-HPE-00008732) [FILED UNDER SEAL] |
| Y | *Intentionally Omitted* |
| Z | Excerpts from Exhibit E to September 8, 2021 Letter Agreement ███████ ███████ (WSOU-HPE-00020073) [SEALED] |

## I.   INTRODUCTION

The relevant agreements that assigned Brazos its rights in the Asserted Patent explicitly granted Brazos the right to recover for past damages.  Nearly a year ago, Brazos produced the assignments confirming its right to recover for past, present, and future infringement of the Asserted Patent.  HPE nevertheless proceeded with this case for ten months before filing this motion, and only did so once it had to defend to the Court its months-long refusal to produce sales data for the accused products for the entire six-year damages period.

A plain reading of the assignments of the Asserted Patent—including the entirety of the Patent Purchase Agreement as amended, ███████████████████████████ ████████████████████████████████████████████████████████ ████████ (collectively, the "Agreement")—establishes that Brazos has the right to recover for past infringement of the Asserted Patent. *See* Ex. D § 5.2.1; Mot. Ex. 8 ¶ 2.

HPE misreads the Agreement and ███████████████████████████ ████████████████, which shows that the assignment of the Asserted Patent to Brazos by Alcatel Lucent (the prior owner of the Asserted Patent) included the right to sue for past, present, and future infringement.  HPE's motion focuses solely on why a different part of the Agreement fails to show the relevant intent.  HPE completely misses the mark.

To the extent any of HPE's arguments can be considered with respect to the relevant Fourth Amendment, they still fail. ████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████

1

In all events, Brazos's right to recover past damage is not properly raised in a Rule

12(b)(1) motion and implicates only prudential or statutory—not constitutional—standing. ████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████

## II.   BACKGROUND

The relationship between Brazos and Nokia[1] began with the purchase of a portfolio of

patents from Nokia and its affiliates through a Patent Purchase Agreement ("PPA," Mot. Ex. 9)

executed on July 22, 2017, which was assigned to Brazos effective August 21, 2017 (Mot.

Ex. W).  *See* Case No. 6:20-cv-00726-ADA, Dkt. 67 at 2-3.  In the ensuing years, Brazos and

Nokia continued their relationship, including by entering into several amendments to and letter

agreements relating to the PPA.  *See, e.g.*, Case No. 6:20-cv-00726-ADA, Dkt. 67 at 3-4. ████

█████████████████████████████████ plainly establish that Brazos has the right to recover

for past infringement of the Asserted Patent because Alcatel Lucent assigned Brazos ████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████. 

Brazos and Nokia negotiated the PPA and its amendments over several years.  Between

2017 and 2019, Nokia assigned to Brazos the rights in numerous patents, including the rights to

sue on those patents for past, present, and future infringement.  Mot. Ex. 9 (PPA); Ex. X

(APPA); Ex. B (Second Amendment); Ex. C (Third Amendment); Ex. D (Fourth Amendment);

---

[1] █████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████ ██████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████

      ██████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

███████████████

In recognition of the fact that Alcatel Lucent's assignment to Brazos included the right to sue for past infringement of the Asserted Patent, ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████

██████████████████████

Brazos filed its initial complaint against HPE on August 26, 2020 (Dkt. 1) and a First Amended Complaint on November 6, 2020 (Dkt. 22).  HPE filed a Rule 12(b)(6) motion to dismiss, but did not attack the Court's subject matter jurisdiction or argue that Brazos could not recover past damages.  Dkt. 25.  By January 7, 2021, Brazos had produced to HPE the entire Agreement, ████████████████████████████████████ and the complete record of assignments for the Asserted Patent.  HPE waited *ten months* to file this motion, and it did so only after Brazos informed HPE that it was seeking the Court's intervention because of HPE's months-long refusal to produce basic financial and sales information for the accused products for the entire six-year damages period.

## III.   LEGAL STANDARD

"A factual attack on the subject matter jurisdiction of the court . . . challenges the facts on which jurisdiction depends[,] and matters outside of the pleadings, such as affidavits and

4

testimony, are considered." *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981).  A plaintiff has Article III standing where it "adequately allege[s] that it possesses exclusionary rights and that [defendant] infringe[s] those rights." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019).

An assignee has statutory or prudential standing to sue for infringements that occurred prior to the assignment where "the assignment agreement clearly manifests an intent to transfer this right." *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996).  "[T]his inquiry depends on the substance of what was granted rather than formalities or magic words." *Slingshot Printing LLC v. HP Inc.*, No. 1:20-cv-00184-ADA, 2020 WL 6120177, at *2 (W.D. Tex. July 7, 2020) (quoting *Lone Star*, 925 F.3d at 1229).  In assessing whether the right to sue for past infringement was assigned, courts look to "the entirety of the agreements" that established the assignment.  *Minco*, 95 F.3d at 1117-18.

## IV.  BRAZOS MAY RECOVER FOR HPE'S PRE-ASSIGNMENT INFRINGEMENT

The Agreement in its entirety, ████████████████████████████ and Attachment C to the Letter Agreement, all executed by Alcatel Lucent, assigned Brazos all right, title, and interest in and to the Assigned Patent, ████████████████ ████████████████████████████████ ████.  In any event, the prudential issue of whether Brazos can recover past damages does not implicate subject matter jurisdiction and is not properly asserted in a Rule 12(b)(1) motion.  To the extent there is any issue as to the Agreement's assignment of the right to sue for past damages to Brazos (there is not), the September 2021 ████████████████ ████████████.

### A.      The Issue of Past Damages Does Not Implicate Article III Standing

HPE's argument "confuses the requirements of Article III—which establish when a plaintiff may invoke the judicial power—and the requirements of § 281—which establish when a party may obtain relief under the patent laws." *See Lone Star*, 925 F.3d at 1235.  The Federal Circuit in *Lone Star*, following the Supreme Court in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), clarified that the "constitutional threshold" in a patent case is a low one that is satisfied when a plaintiff alleges it possesses exclusionary rights.  *Id.* at 1234-35.  A party that holds "all legal rights to the patent as the patentee or assignee of all patent rights" has constitutional standing to sue for infringement in its own name.  *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339-40 (Fed. Cir. 2007).  "Additionally, if a patentee transfers 'all substantial rights' to the patent, this amounts to an assignment or a transfer of title, which confers constitutional standing on the assignee to sue for infringement in its own name alone."  *Id.* at 1340 (citing *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001)).  Brazos has established it was the assignee of all legal rights in the Asserted Patent at the time it filed these cases, has suffered injury from HPE's infringement of the Asserted Patent, and thus has established constitutional standing.  This is not in dispute.

The issue of the right to recover for past damages is a separate issue that implicates prudential or statutory, but not constitutional, standing.  Indeed, the Federal Circuit has made clear that whether a plaintiff has standing to sue based on statutory or prudential constraints, which includes the right to recover for past damages, is one of "statutory standing" that does not implicate the Court's subject matter jurisdiction and is properly brought under Rule 12(b)(6), not

Rule 12(b)(1).[3]  *See Lone Star*, 925 F.3d at 1235 (citing *Lexmark*, 572 U.S. at 128 n.4); *see also Flast v. Cohen*, 392 U.S. 83, 99 (1968) ("The fundamental aspect of [constitutional] standing is that it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated.").

If necessary, a party "may cure prudential standing defects after it files suit."  *Slingshot*, 2020 WL 6120177, at *2 (citing *Virnetx, Inc. v. Cisco Sys., Inc.*, No. 6:10-cv-00417, 2012 WL 12897214, at *2 (E.D. Tex. Mar. 22, 2012)); *see also, e.g.*, *Parallax Grp. Int'l, LLC v. Incstores.com, LLC*, No. 8:16-cv-00929, 2017 WL 3017059, at *3 (C.D. Cal. Jan. 25, 2017) (finding that plaintiff was not assigned the right to sue for past damages but noting that "Plaintiff [had] informed the Court that [a subsequent assignment] had expressly assigned . . . the right to sue for past damages, thereby curing the prudential standing defect" and that unless defendant contested that such an assignment occurred, the motion to dismiss would be vacated as moot).

At the November 23, 2020 initial case management conference, this Court suggested that the issue of whether Brazos had the right to recover for past damages was distinct from whether it had Article III standing.  In granting HPE's request for the pre-discovery production of documents "related to standing in this case," this Court explained that "by standing I mean something that would affect my jurisdiction to handle the case at all, ***not just with regard to damages but jurisdiction*.**"  Ex. Q at 6:21-24 (emphasis added).  HPE ignores the Court and misconstrues the controlling case law in *Lone Star* and *Lexmark*.

---

[3] HPE should have raised this prudential issue in its Rule 12(b)(6) motion (Dkt. 25), but it did not, and it is improper for it to assert it now in Rule 12(b)(1) motion.

### B.     Alcatel Lucent Assigned Brazos the Right to Sue for Past Infringement █████████████████████████████

Regardless of whether the issue is properly raised in HPE's motion, ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████

"Determining whether the right to sue for prior infringement has been transferred turns on the proper construction of the assignment agreements, which is a matter of state contract law." *Minco*, 95 F.3d at 1117.  Here, the Agreement is governed by New York law.  *See* Mot. Ex. 9 § 9.4; Mot. at 5.  Pursuant to that law, New York courts "interpret[] the document as a whole" and "read [the agreement] in its entirety" instead of "focus[ing] exclusively on the" term or provision in question.  *Lawyers' Fund for Client Prot. of State of N.Y. v. Bank Leumi Tr. Co. of New York*, 727 N.E.2d 563, 566 (N.Y. 2000); *Honeywell Int'l Inc. v. Buckeye Partners, L.P.*, No. 5:18-cv-00646, 2021 WL 1206536, at *7 (N.D.N.Y. Mar. 31, 2021) ("[R]elevant contractual provisions must be interpreted in their entirety and within the context of the full Agreement.").

Thus, just like the Federal Circuit in *Minco*,[4] to determine whether an assignment transfers the right to sue for past infringement, the Court should look to "the entirety of the agreements [in question]," assessing whether the agreements "manifest[] an intent to transfer this right." *Minco*, 95 F.3d at 1117-18; *see also Honeywell*, 2021 WL 1206536, at *7.  ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[4] New York law and Tennessee law (applied in *Minco*) are similar in that both consider relevant contract provisions "in their entirety and within the context of the full Agreement."  *Honeywell*, 2021 WL 1206536, at *7.  *Compare with Minco*, 95 F.3d at 1117.

██████████████████ This is consistent with the Supreme Court and Federal Circuit cases on which HPE relies.  Mot. at 6, 8 (citing *Moore v. Marsh*, 74 U.S. 515, 522 (1868); *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 n.7 (Fed. Cir. 1991) (describing that an "assignment of a right of action for past infringements . . . must be express").

████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████

      Although not required by any law, for the purposes of providing public notice of this assignment, the Letter Agreement included attachments that were to be recorded with the USPTO reflecting the assignment of specific patents under the Fourth Amendment. Attachment C (the relevant attachment for the Asserted Patent) simply provides public notice of Alcatel Lucent's assignment of all right, title, and interest in the Asserted Patent to Brazos, subject to the terms of the Agreement, █████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████.

**C.    HPE's Arguments to the Contrary Fail Because They Ignore the Relevant Document Specifying the Assignment of the Right to Sue for Past Infringement to Brazos**

HPE's entire analysis fails because it ignores that the Asserted Patent was assigned

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████ HPE's arguments are

unavailing.  They also fail for several other reasons.

*First*, HPE's contention that ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████ This language

is a present tense assignment, as it contemplates an automatic assignment upon a future

triggering event—████████████████████████████████.  *Filmtec Corp. v. Allied-Signal Inc.*,

939 F.2d 1568, 1573 (Fed. Cir. 1991) (finding present assignment of a patent where "no further

act would be required once an invention came into being"); *Speedplay, Inc. v. Bebop, Inc.*, 211

F.3d 1245, 1253 (Fed. Cir. 2000) (citing *Filmtec* and similarly finding a present assignment); *see

also Dominion Assets LLC v. Masimo Corp.*, No. 5:12-cv-02773, 2014 WL 2937058, at *4 (N.D.

Cal. June 27, 2014) (applying Federal Circuit law, holding that although the contract assigned

the patent in question "effective immediately upon the date of Acceptable Completion," as

designated by the assignee, provision was a present assignment, as the "wording indicates that ***no further action is required from [the assignor] to effectuate the assignment of patent rights***" (emphasis added). ██████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

The cases relied on by HPE (Mot. at 9-10) are consistent with this conclusion.  For example, in *Bd. of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, the Federal Circuit recognized that, although contract language stating a party will "'agree to assign' reflects a mere promise to assign rights in the future," language ███████████████ ███████████████ stating that a party "will assign and ***do[es] hereby assign***" effected a present assignment, 583 F.3d 832, 841-42 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011), ████████ ████████████████████████████████████████.

Another case relied on by HPE, *Arachnid*, 939 F.2d 1574, shows that simply because a separate assignment agreement, like Letter Agreement Attachment C here, is executed for recording purposes ██████████████████████████ ████████████████████████████.  In *Arachnid*, the Federal Circuit discussed approvingly a district court case—*Sims v. Mack Trucks, Inc.*, 407 F. Supp. 742 (E.D. Pa. 1976)—that evaluated an assignment contact ████████████████████ ███.  In *Sims*, the assignment contract stated a present assignment with the use of "hereby sells" language, but contained "an additional contract provision [that] recited that the seller 'shall execute' a separate assignment of the patent within one month of execution of the contract of sale." *Arachnid*, 939 F.2d at 1581.  This separate assignment was found to be "a mere formality designed to guarantee payment and to facilitate recordation of the assigned patent.'" *Id.* (quoting

12

*Sims*, 407 F. Supp. at 744).  Its existence did not alter the conclusion that the assignment contract itself operated to assign the asserted patent and was not merely an agreement to assign.  *Id.*

Similarly, in *Dominion Assets*, the court, applying Federal Circuit law, held that the assignment provision was a present assignment, even though upon triggering of "Acceptable Completion" the assignor was required to execute a separate assignment document.  2014 WL 2937058, at *6.  The assignor's conduct did not amount to "future action" because the assignor "was under an obligation to execute and deliver the separate assignment."  *Id.*  The court noted that "[s]imilar language frequently arises in inventor-assignment agreements" and that such language has been repeatedly been found to provide a valid present assignment "wherein the inventor-assignor assigns title to future inventions that are automatic upon patenting, but the inventor also promises to assist the assignee in perfecting title through execution of specific assignments."  *Id.* (citing *DDB Techs, LLC v. MLB Advanced Media, LP*, 517 F.3d 1284, 1290 n.3 (Fed. Cir. 2008); *Shukh v. Seagate Tech., LLC*, No. 0:10-cv-00404, 2011 WL 1258510, at *6 (D. Minn. Mar. 30, 2011)).

Likewise here, that the parties executed Letter Agreement Attachment C and recorded with the USPTO does not does not change the fact ███████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████████ .

*See Speedplay*, 211 F.3d at 1253 (finding contract language that inventions "shall belong" to Speedplay and that assignor "hereby conveys, transfers, and assigns" was a present-tense assignment, not a promise to assign).  ████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████

    ***Second***, it is improper to read Letter Agreement Attachment C ***in isolation***, as HPE suggests, to determine whether it contains the "magic words'" necessary to transfer the right to recover for past infringement, without considering the rest of the agreement to assess the "the substance of what was granted." *See Slingshot*, 2020 WL 6120177, at \*2 (quoting *Lone Star*, 925 F.3d at 1229); *see also Minco*, 95 F.3d at 1117-18; *Honeywell*, 2021 WL 1206536, at \*7.

    HPE's suggestion that Letter Agreement Attachment C must be understood on its own because it is purportedly a more specific document (Mot. at 10-11) than the PPA is factually incorrect. █████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

    In addition, when focusing on the specific assignment *provisions* rather than the documents as a whole, ███████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---



**Third**, HPE's contention that the language of Letter Agreement Attachment C is somehow in conflict with language elsewhere in the Agreement ████████████████ ████████████████ (Mot. at 11) is contrary to law and fact. There is nothing in Attachment C that is in **conflict** with ████████████████████████ Nor has HPE pointed to any conflict. Simply because Attachment C describes the same assignment more generally than the language related to the same assignment elsewhere in the Agreement, ████████████████, does not mean that the two are in conflict. *See In re Spinnaker Indus., Inc.*, 313 F. App'x 749, 753 (6th Cir. 2008) (applying New York law) (finding that two provisions on the same topic, one specific and one general, "do not conflict but are interdependent" and are both valid and binding). ████████████████████ ████████████████████████████████ Both must be read together and considered within the totality of the Agreement. Indeed, the Agreement ████████████████████ and Attachment C, must be read and considered together. *See, e.g.*, *Minco*, 95 F.3d at 1118 (where in a series of agreements only some expressly assigned the right to sue for past infringement, "the entirety of the agreements establish[] that the MAC assignment clearly conveyed the right to sue for past infringement"). When the totality of the Agreement is properly considered together, ██████ ████████████████████████ it is clear that that Alcatel Lucent explicitly assigned Brazos the right to sue for past infringement of the Asserted Patent.

**Finally**, there is no law—and HPE has pointed to none—that requires that the document setting forth the specific past infringement language ████████████████ be publicly

recorded with the USPTO to be effective. *See Jefferson St. Holdings Intell. Prop. LLC v. Tech 21 UK Ltd.*, No. 5:18-cv-806, 2019 WL 5795667, at *3 (W.D. Tex. June 10, 2019) (rejecting argument that court lacked subject matter jurisdiction because patent assignment was not recorded and noting that the court had "not found, and [defendant] has not identified, any statutory or other requirement that a patent assignment be recorded in order to be valid"); *Krausz Indus. Ltd. v. Romac Indus., Inc.*, No. 2:10-cv-1204, 2011 WL 3563419, at *2 (W.D. Wash. Aug. 15, 2011) ("[N]otarization and recordation are not preconditions for a valid assignment.")); *see also Arachnid*, 939 F.2d at 1581 (quoting *Sims*, 407 F. Supp. at 744).  Indeed, the very section of the Manual of Patent Examining Procedure on which HPE relies (Mot. at 10) states that "recording of the assignment is merely a ministerial act" (Manual of Pat. Examining Proc., § 301, Part V(A) (June 2020)).  Thus, there is no requirement that an assignment be filed with the USPTO to effectuate the transfer, must less that the language of the document publicly filed must govern over the totality of the agreement transferring the rights in the patent.

> **D.    The September 8, 2021 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Obviated Any Doubt as to Brazos's Right to Recover for Past Damages**

In any event, although it is clear that the Agreement,▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, read in their totality, assigns Brazos the right to sue for past damages,▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████ *See, e.g.*, *Pat.*

*Harbor, LLC v. Twentieth Century Home Fox Home Ent.*, No. 6:10-cv-607, 2012 WL 12842300,

at *2 (E.D. Tex. Aug. 17, 2012) ("[A] plaintiff with constitutional standing may cure prudential

standing defects after it files suit.").

**V.   CONCLUSION**

The express language in the Agreement considered in its totality confirms Brazos has

standing to recover damages for HPE's past, present, and future infringement of the Asserted

Patent.  Brazos therefore respectfully requests that the Court deny HPE's motion in its entirety.

Respectfully submitted,

Dated: October 26, 2021

/s/ Raymond W. Mort, III
Raymond W. Mort, III
Texas State Bar No. 791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax:   (512) 677-6825

Edward J. Naughton
Massachusetts Bar No. 600059
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
Massachusetts Bar No. 666860
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:   (617) 856-8201

Timothy J. Rousseau
New York Bar No. 4698742
trousseau@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:   (212) 209-4801

David M. Stein
Texas State Bar No. 797494
dstein@brownrudnick.com
Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:   (949) 752-7100
facsimile:   (949) 252-1514

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that the foregoing document was served upon all counsel of record via the

Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil

Procedure on October 26, 2021.

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
